UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----

JESUS HILARIO-BELLO,

                Movant,

                -v.-

UNITED STATES OF AMERICA

                Respondent.

19 Civ. 6964 (KPF)

**ORDER**

----

KATHERINE POLK FAILLA, District Judge:

      On October 11, 2013, a jury convicted Defendant-Petitioner Jesus Hilario-Bello of, as relevant here, completed Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count 13 of the superseding indictment) and using a firearm in furtherance of that robbery in violation of 18 U.S.C. § 924(c) (Count 14). (Case No. 11 Cr. 755, Dkt. #146 at 14-15; *id.*, Dkt. #192 at 17). On July 20, 2022, Judge Keenan denied Mr. Hilario-Bello's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Case No. 19 Civ. 6964, Dkt. #17). Now, Mr. Hilario-Bello asks this Court to reopen his § 2255 motion, invoking Federal Rule of Civil Procedure 60(b)(3) to argue "fraud … misrepresentation, or misconduct" by the Government and Rule 60(b)(6) to argue "any other reason that justifies relief." (*Id.*, Dkt. #18, 19). The Court disagrees and DENIES the Rule 60(b) motions.

      Mr. Hilario-Bello first argues that his conviction under § 924(c) cannot stand — and thus that he deserves relief from the denial of his § 2255 motion — because "the government made factual representations that mischaracterized [his] role in the robbery, particularly regarding his possession

or use of a firearm" and because the Government improperly constructively amended the substantive count charged in the indictment by instead pursuing an aiding and abetting theory of liability. (Case No. 19 Civ. 6964, Dkt. #18 at 1). Specifically, Mr. Hilario-Bello contends that the "indictment and trial record do not establish that he personally used, carried, or brandished a firearm during the robbery." (*Id.* at 2). Rather, he says, he was "outside in a parked vehicle during the robbery," "a co-conspirator brandished the firearm inside the residence," and his "only involvement with the firearm was allegedly providing it before the robbery." (*Id.*). He therefore concludes that his conviction was the result of the Government's improper constructive amendment, which transformed the theory of liability on his § 924(c) charge to one of aiding and abetting. (*Id.*).

But Mr. Hilario-Bello overlooks the broad "in furtherance of" language of § 924(c), which provides liability for "any person who, … in furtherance of any [crime of violence], possesses a firearm …." 18 U.S.C. § 924(c)(1)(A). Though "mere presence of a weapon at the scene of … [the] crime, without more, is insufficient to prove that the gun was possessed 'in furtherance of' the [crime of violence]," the "in furtherance of" requirement is met when there is a "specific nexus between the charged firearm and the charged [crime of violence]." *United States* v. *Snow*, 462 F.3d 55, 62-63 (2d Cir. 2006) (quotations and emphasis omitted). Here, the specific nexus requirement is satisfied because Mr. Hilario-Bello provided the firearm for the robbery. (*See* Case No. 11 Cr. 755, Dkt. 188 at 168). *See Snow*, 462 F.3d at 62 (possessing firearm to

2

"further" the predicate drug possession is sufficient to sustain § 924(c) conviction). What is more, the indictment charged an aiding an abetting theory of liability (Case No. 11 Cr. 755, Dkt. #146 at 15), and the trial court instructed the jury on that theory (Case No. 11 Cr. 755, Dkt. #190 at 108-09, 125, 129-30). As a result, the Government neither made factual misrepresentations nor constructively amended the § 924(c) count to pursue an aiding and abetting theory. Rather, sufficient evidence existed for the jury to convict on a theory of substantive liability, but, alternatively, it could have permissibly convicted on an aiding and abetting theory too. Mr. Hilario-Bello's argument is therefore without merit.

To the extent that Mr. Hilario-Bello argues that *United States* v. *Davis*, 588 U.S. 445 (2019), and *United States* v. *Taylor*, 596 U.S. 845 (2022), demonstrate that Judge Keenan incorrectly upheld his § 924(c) conviction (*see* Case No. 19 Civ. 6964, Dkt. #18 at 3), those arguments also fail. *Davis* held § 924(c)'s so-called residual clause, 18 U.S.C. § 924(c)(3)(B), unconstitutionally vague. 588 U.S. at 470. But Mr. Hilario-Bello was convicted under the so-called elements clause, 18 U.S.C. § 924(c)(3)(A): his predicate conviction was for completed Hobbs Act robbery, which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.*; *see also* 18 U.S.C. § 1951(a). (*See* Case No. 11 Cr. 755, Dkt. #190 at 135-36 (instructing jury as to elements of Hobbs Act robbery)). And because Mr. Hilario-Bello was convicted of completed Hobbs Act robbery, *Taylor* does not help him either. *Taylor* held only that attempted Hobbs Act robbery is not

3

a crime of violence. 596 U.S. at 854. It does not call into question Mr. Hilario-Bello's conviction for completed Hobbs Act robbery. (*See* Case No. 11 Cr. 755, Dkt. #146 at 14-15 (charging completed Hobbs Act robbery); *id.*, Dkt. #190 at 124, 130-31 (instructing jury as to elements of completed Hobbs Act robbery); *id.*, Dkt. 188 at 170 ("Count Thirteen is the *substantive* robbery and Count Fourteen is the gun related to that.") (emphasis added)).

Second, Mr. Hilario-Bello argues that his Hobbs Act robbery conviction lacks a sufficient nexus to interstate commerce, thus invalidating that conviction and the resulting § 924(c) conviction. (No. 19 Civ. 6964, Dkt. #19 at 1-3). But for Hobbs Act prosecutions, "the burden of proving a nexus to interstate commerce is minimal." *United States* v. *Wilkerson*, 361 F.3d 717, 726 (2d Cir. 2004) (quotation omitted). "Indeed, the jurisdictional requirement of the Hobbs Act may be satisfied by a showing of a very slight effect on interstate commerce. Even a potential or subtle effect will suffice." *Id.* (cleaned up). Mr. Hilario-Bello argues that the offense conduct underlying the Hobbs Act robbery charge — "robbery of currency and jewelry from a private residence" — fails to meet the interstate commerce requirement. (No. 19 Civ. 6964, Dkt. #19 at 2). He is incorrect. The robbery included the theft of Euros, a foreign currency that necessarily must have traveled in interstate commerce. (*See* Case No. 11 Cr. 755, Dkt #180 at 109, 113-14, 165-70). This is sufficient to meet the low standard of a "potential or subtle effect" on interstate commerce. *Wilkerson*, 361 F.3d at 726; *cf. United States* v. *Celaj*, 649 F.3d 162, 169-70 (2d Cir. 2011)

(robbery of marijuana that "travel[ed] in interstate and foreign commerce" had sufficient nexus to interstate commerce). For all of these reasons, Mr. Hilario Bello's Rule 60(b) motion must be denied.

Accordingly, the Clerk of Court is directed to terminate the pending motions at docket entries 18 and 19 and is further directed to mail a copy of this Order to Mr. Hilario-Bello at the following address: Jesus Hilario-Bello, USM No. 67002-054, FCI Forrest City Low, Federal Correctional Institution, P.O. Box 9000, Forrest City, AR 72336.

SO ORDERED.

Dated:  October 16, 2025
        New York, New York

                                              _____
                                                   KATHERINE POLK FAILLA
                                                  United States District Judge