UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS HILARIO-BELLO,

     Movant,

   -v.-

UNITED STATES OF AMERICA

     Respondent.

19 Civ. 6964 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On October 16, 2025, this Court issued an Order denying Defendant

Jesus Hilario-Bello's motion under Federal Rule of Civil Procedure 60(b) for

reconsideration of Judge John F. Keenan's July 20, 2022 Opinion and Order,

which in turn denied Mr. Hilario-Bello's motion to vacate, set aside, or correct

his sentence pursuant to 28 U.S.C. § 2255.  (Dkt. #22).  Mr. Hilario-Bello now

seeks a certificate of appealability on one narrow issue in this Court's

October 16, 2025 Order:

> Whether the interstate-commerce element of the Hobbs
> Act is satisfied, and whether the prior § 2255 judgment
> can stand, where the only articulated basis for federal
> jurisdiction over a robbery of a private residence is that
> some of the stolen property consisted of Euros, a foreign
> currency that "necessarily must have traveled in
> interstate commerce."

(Dkt. #23 at 9 (quoting Dkt. #22 at 4)).  For the reasons that follow, the Court

denies Mr. Hilario-Bello's motion for a certificate of appealability.

Ordinarily, a defendant cannot appeal a district court's final order in a

§ 2255 proceeding, including the Court's October 16, 2025 Order in this case,

"[u]nless a circuit justice or judge issues a certificate of appealability."  28

U.S.C. § 2253(c)(1); *see also* Fed. R. App. P. 22(b).  Here, however, the Second Circuit's Local Rules require the district court to act first: the district court must first deny a certificate of appealability before the Second Circuit will consider whether to grant one.  Second Circuit Local R. 22.1(a) ("In a case governed by 28 U.S.C. § 2253 and FRAP 22(b), this court will not act on a request for a certificate of appealability (COA) unless the district court has denied a COA.").  As such, it falls to this Court in the first instance to issue Mr. Hilario-Bello a certificate of appealability.  It declines to do so.

To obtain a certificate of appealability, Mr. Hilario-Bello must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  More specifically, in this particular context of a denial of a Rule 60(b) motion, Mr. Hilario-Bello must show "that [i] jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and [ii] jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right."  *Kellogg* v. *Strack*, 269 F.3d 100, 104 (2d Cir. 2001).

Here, Mr. Hilario-Bello suffered no denial of a constitutional right.  His argument is that the robbery of Euros provides an insufficient nexus to interstate commerce, thus invalidating his Hobbs Act robbery conviction.  (*See* Dkt. #23 at 5).  Although he is correct to notice only a slight connection between the stolen Euros and interstate commerce, he is incorrect to argue that the law requires anything more.  As the Court previously discussed in its

October 16, 2025 Order, "it is well established that the burden of proving a nexus to interstate commerce is minimal." *United States* v. *Wilkerson*, 361 F.3d 717, 726 (2d Cir. 2004) (quoting *United States* v. *Elias*, 285 F.3d 183, 188 (2d Cir. 2002)).  Indeed, "the jurisdictional requirement of the Hobbs Act may be satisfied by a showing of a very slight effect on interstate commerce. Even a potential or subtle effect will suffice." *Id.* (alterations adopted) (quoting *United States* v. *Angelilli*, 660 F.2d 23, 35 (2d Cir.1981)).  Although Mr. Hilario-Bello contends that the Euros' connection to interstate commerce falls below this minimal threshold (*see* Dkt. #23 at 5-9), binding precedent is to the contrary. This Court briefly made this point in its October 16, 2025 Order (*see* Dkt. #22 at 4-5) but will now explain the idea more thoroughly.

The Supreme Court has held that "a robber who affects or attempts to affect even the intrastate sale of marijuana grown within the State affects or attempts to affect commerce over which the United States has jurisdiction" and thus satisfies the Hobbs Act's interstate commerce element.  *Taylor* v. *United States*, 579 U.S. 301, 307 (2016).  In other words, an attempted robbery from an individual's private home of an illicit substance never itself intended to be sold out of state nevertheless provides a sufficient connection to interstate commerce to satisfy the Commerce Clause.  *Id.* at 303-04, 306-07.  That is because "the market for marijuana, including its intrastate aspects, is 'commerce over which the United States has jurisdiction.'" *Id.* at 307 (quoting 18 U.S.C. § 1951(b)(3)).

The Euro's connection to interstate commerce is even clearer; it is a literal representation of interstate (indeed, international) commerce.  The Euro is a legal, international currency.  There exists an enormous market for the exchange of foreign currencies — the foreign exchange market — that the United States regulates to an extent and that therefore constitutes commerce over which the United States has jurisdiction.  *See, e.g., United States* v. *Phillips*, 155 F.4th 102, 112 (2d Cir. 2025) (explaining that currencies are commodities and that "[t]rades in commodity derivatives must be made on exchanges designated and regulated by the CFTC").  Mr. Hilario-Bello's theft of some Euros from one individual may have had only a subtle or even just a potential effect on interstate commerce, but under well-established Commerce Clause jurisprudence, that was enough.

Further, it is not even clear that this Court should be engaging with the substance of Mr. Hilario-Bello's arguments.  "[R]elief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction."  *Harris* v. *United States*, 367 F.3d 74, 77 (2d Cir. 2004).  Where the Rule 60(b) motion instead attacks the underlying criminal conviction, the district court has two options.  *First,* "the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Court of Appeals] for possible certification."  *Id.* at 82.  *Second,* "the court may simply deny the portion of the

4

motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Id.* (quoting *Gitten* v. *United States*, 311 F.3d 529, 534 (2d Cir. 2002)).

Mr. Hilario-Bello's certificate of appealability motion focuses exclusively on the interstate-commerce nexus of his Hobbs Act robbery conviction.  (Dkt. #23 at 1-2).  This argument says nothing of the integrity of his previous habeas proceeding before Judge Keenan; rather, it simply attacks the validity of his criminal conviction.  In previously disposing of this argument when denying Mr. Hilario-Bello's Rule 60(b) motion, this Court engaged with the merits rather than simply denying it out of hand.  (*See* Dkt. #22 at 4-5).  As discussed there and again in this Order, Mr. Hilario-Bello's argument does indeed fail on the merits.  But to be clear, it is also beyond the scope of Rule 60(b) because it attacks his underlying criminal conviction; the argument is not appealable because it was not arguable under Rule 60(b) in the first place.  *See Harris*, 367 F.3d at 81 n.5.

For all of these reasons, the Court DENIES Mr. Hilario-Bello's motion for a certificate of appealability.  The Clerk of Court is directed to terminate the pending motion at docket entry 23 and is further directed to mail a copy of this Order to Mr. Hilario-Bello at the following address: Jesus Hilario-Bello, USM No. 67002-054, FCI Forrest City Low, Federal Correctional Institution, P.O. Box 9000, Forrest City, AR 72336.

SO ORDERED.

Dated:   December 29, 2025
       New York, New York

KATHERINE POLK FAILLA
United States District Judge

6